UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS C. BIRCHFIELD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:23-CV-252-CEA-JEM ) ) |
| STATE OF TENNESSEE, | ) ) |
| Defendant. | ) ) |

**ORDER & REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 1] and his Plaintiff's Complaint [Doc. 2], as well as the Court's Order to Show Cause [Doc. 4]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 1**] and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

I.  **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and no assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

2

Case 3:23-cv-00252-CEA-JEM   Document 5   Filed 08/28/23   Page 2 of 6   PageID #: 21

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff petitions the United States Government to find that Tennessee's law prohibiting homelessness is unconstitutional [Doc. 2 p. 1].[2] According to Plaintiff, the Ninth Circuit Court of Appeals found that cities and towns are not allowed to "force the homeless off the streets, unless communities provide shelter for them" [*Id.*]. Contending that Tennessee "has shirked its responsibility under the social contract[,]" Plaintiff alleges that it must provide public safety and ensure public spaces are open to all [*Id.*].

### B. Screening of the Complaint

While Plaintiff alleges that the Tennessee law is unconstitutional, he does not reference a specific constitutional right that he alleges is violated. Considering his pro se status, however, the Court will construe his claim as one alleging a violation of the Eighth Amendment to the United States Constitution given his reference to the Ninth Circuit's decision that determined a similar ordinance was unconstitutional under the Eighth Amendment. *Johnson v. City of Grants Pass*, No. 20-35752, —F.4th —, 2023 WL 4382635, at *19 (9th Cir. July 5, 2023) ("[T]he district court correctly concluded the anti-camping ordinances violated the Cruel and Unusual Punishment Clause to the extent they prohibited homeless persons from 'taking necessary minimal measures

---

[2] Plaintiff does not provide a citation to the law he alleges is unconstitutional, but the Court believes he is referencing the Equal Access to Public Property Act, Tenn. Code Ann. § 39-14-414.

to keep themselves warm and dry while sleeping when there are no alternative forms of shelter available.'"). The Court will also construe his Complaint as alleging a violation of 42 U.S.C. § 1983. *Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *7 (M.D. Tenn. July 12, 2019) (explaining that "Section 1983 provides the exclusive remedy for constitutional violations").

But even with this liberal construction, the Complaint is deficient. "The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Reynolds v. Talberg*, No. 1:18-CV-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020) (citation omitted). This means that the court can only hear cases that are justiciable, and "[a] critical component of justiciability is standing." *Id.* (citation omitted); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citations omitted)). In order to have standing, a plaintiff's injury must be (1) "concrete and particularized," and (2) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). In other words, a "generalized grievance" is not sufficient. *Reynolds*, 2020 WL 6375396, at *2.

It is Plaintiff's burden to establish standing. *See Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019) (dismissing the case during the screening process for lack of standing because the plaintiff had failed to allege standing). Plaintiff has not alleged that he suffered an "actual" injury, nor has he alleged any injury that is "imminent." *Lujan*, 504 U.S. at 560–61; *see also Reynolds*, 2020 WL 6375396, at *3 ("Plaintiffs must demonstrate that there is a substantial risk that the Challenged Policies will be enforced against students in the way Plaintiffs foresee." (citation omitted)). While Plaintiff challenges a Tennessee law that allegedly makes homelessness a crime, there are no allegations that Plaintiff is subject to this law. *Maxwell v. Lee*, No. 1:20-CV-

4

1093-JDT-JAY, 2020 WL 5670115, at *2 (W.D. Tenn. June 29, 2020) (dismissing the plaintiff's complaint for lack of standing because he raised "only 'a generally available grievance about government' for alleged constitutional violations felt equally by *all Tennesseans*" (citations omitted)), *report and recommendation adopted*, No. 20-1093-JDT-JAY, 2020 WL 4220123 (W.D. Tenn. July 23, 2020). And according to his Application, Plaintiff rents an apartment and he identifies an address in Morristown, Tennessee [Doc. 1 p. 8].

Plaintiff also names the State of Tennessee as a Defendant. But the State of Tennessee is immune from suit in this Court under the Eleventh Amendment. *Newsome v. Lee*, No. 3:21-CV-00041, 2021 WL 1697039, at *4 (M.D. Tenn. Apr. 29, 2021) ("Consequently, the State of Tennessee generally has sovereign immunity from suit in federal court." (citation omitted)); *see also Burns v. Helper*, No. 3:18-CV-01231, 2018 WL 11471664, at *3 (M.D. Tenn. Dec. 28, 2018) (denying the plaintiff's motion to reconsider the dismissal of the State of Tennessee but directing him to file an amended complaint to identify the Tennessee Attorney General in his official capacity).

Instead of recommending that this case be dismissed, the Court ordered Plaintiff to show cause on or before August 21, 2023, why his lawsuit should proceed in light of the above deficiencies. The Court also informed Plaintiff that, to the extent Plaintiff desires to pursue his claims, Plaintiff had to file an amended complaint on or before August 21, 2023. Plaintiff did not do so, and he was placed on notice that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of his claims.

### III. CONCLUSION

For the reasons explained above and in the Order to Show Cause [Doc. 4], the undersigned **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis with Supporting Documentation [**Doc. 1**][3] and **RECOMMENDS**[4] that the District Judge **DISMISS** Plaintiff's Complaint [**Doc. 2**].

Respectfully submitted,

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[3] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).